UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| CHRISTOPHER WILLIAMS | SECTION "R" |

# ORDER AND REASONS

Before the Court is defendant Christopher Williams's motion to vacate his sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. The Court denies the motion because it is time barred, except that the Court reduces Williams's term of supervised release from ten years to five years.

## I. BACKGROUND

On April 20, 2015, defendant Christopher Williams pleaded guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1594(c) and 1591(a).[2] Williams waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of

---

[1] R. Doc. 476.
[2] *See* R. Docs. 189, 412.

ineffective assistance of counsel in an appropriate proceeding.[3] The Court accepted the plea agreement and sentenced Williams to 180 months of imprisonment followed by ten years of supervised release.[4] Williams's judgment was entered on July 13, 2016,[5] and he did not appeal. Williams now moves to vacate his sentence under 28 U.S.C. § 2255.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which

---

[3] R. Doc. 189 at 2-3.
[4] R. Doc. 412 at 2-3.
[5] *Id.* at 1.

inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258,

3

264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Timeliness

As Williams did not appeal this Court's judgment, his conviction and sentence became final on July 27, 2016, fourteen days after the Court's entry of judgment. *See* Fed. R. App. P. 4(b)(1); *United States v. Scruggs*, 691 F.3d

4

660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."). Section 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, Williams's limitation period to file a motion under Section 2255 expired on July 27, 2017. Williams filed his petition on May 10, 2018, which makes his petition untimely.[6]

Williams contends that he is entitled to equitable tolling of his limitation period because, at some point after his conviction, he was

---

[6] R. Doc. 476 at 1.

5

transferred from St. Tammany Parish Prison to Orleans Parish Prison, and his legal materials were allegedly left behind in St. Tammany Parish Prison.[7] Section 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). But tolling is permitted only in rare and exceptional circumstances, and the burden falls on the habeas petitioner to establish that tolling is appropriate. *Id.* at 364-65. The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *Id.* at 365 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

The Court finds that Williams has not met his burden of showing either that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his petition. Transfer between prison institutions does not qualify as an extraordinary circumstance or government-created impediment that tolls the limitations period. *Josey v. Davis*, No. 15-618, 2016 WL 5921825, at *2 (N.D. Tex. Oct. 11, 2016)

---

7     R. Doc. 476 at 12.

6

("Transfers between prison units is also a common problem among inmates who are trying to pursue postconviction habeas relief and does not warrant equitable tolling."); *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000) (holding that lack of access to legal materials does not constitute a rare and exceptional circumstance that warrants tolling).

Further, his transfer and loss of legal materials do not qualify as a government-created impediment under Section 2255(f) because an impediment under this provision must prevent the petitioner from making his motion. *See* 28 U.S.C. § 2255(f)(2). Williams alleges that he never received the legal materials that were left behind in the St. Tammany Parish Prison after his transfer.[8] But Williams eventually was able to file his motion even without these materials. Without more, Williams is not entitled to tolling, and his petition must be dismissed.

### B. Term of Supervised Release

Although Williams's motion is time barred and he did not directly appeal his sentence, the government has waived the defenses of timeliness and procedural default as to Williams's claim that his term of supervised release exceeds the statutory maximum term applicable to his conviction.[9]

---

[8]   *Id.*
[9]   *See* R. Doc. 488 at 10-11.

The requirements of timeliness and exhaustion are not jurisdictional, and the government is therefore able to waive them. *United States v. Pierce*, 489 F. App'x 767, 768 (5th Cir. 2012); *United States v. Willis*, 273 F.3d 592, 595-97 (5th Cir. 2001). When the government waives these defenses, the Court should proceed to consider petitioner's argument on the merits. *Wood v. Milyard*, 566 U.S. 463, 472-73 (2012) ("It would be 'an abuse of discretion' . . . for a court 'to override a State's deliberate waiver of a limitations defense.'" (quoting *Day v. McDonough*, 547 U.S. 198, 202 (2006))).

The Court sentenced Williams to a ten-year term of supervised release,[10] which Williams argues was in excess of the statutory maximum.[11] Although Williams waived the right to challenge his sentence in his plea agreement, he reserved the right to challenge any sentence in excess of the statutory maximum.[12] At the time Williams committed the offense to which he pleaded guilty and at the time of his rearraignment, the statutory maximum term of supervised release was five years.[13] *See* 18 U.S.C. § 1594(c); 18 U.S.C. § 3583(b)(1). After Williams pleaded guilty, but before he

---

[10] R. Doc. 412 at 3.
[11] R. Doc. 476 at 4.
[12] R. Doc. 189 at 3 ("The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.").
[13] *See* R. Doc. 488-1 at 16-17.

8

was sentenced, Congress amended Section 3583 to add conspiracy under Section 1594(c) to the list of crimes with a statutory maximum supervised release term of life. *Compare* 18 U.S.C. § 3583(k) (2015), *with* 18 U.S.C. § 3583(k) (2016). The Court's retroactive application of the new statutory provision to Williams was incorrect. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) ("Absent a clear statement of that intent, we do not give retroactive effect to statutes burdening private interests."). The Fifth Circuit has already granted a reduction in the supervised release term of Williams's codefendant Duane Phillips from ten to five years.[14] Accordingly, the Court finds that a parallel reduction in Williams's term of supervised release from ten to five years, which the government does not oppose, is warranted. It grants Williams's motion for such a reduction.

### D. Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner

---

[14] R. Doc. 443.

to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Williams's motion, other than as to the reduction in his term of supervised release, does not satisfy these standards. For the reasons stated in this order, the Court finds that Williams's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor do they deserve encouragement to proceed further or engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Williams's motion to reduce his term of supervised release from ten years to five years and MODIFIES his judgment to reflect a five-year term of supervised release. In all other respects, Williams's motion is DENIED.

New Orleans, Louisiana, this __25th__ day of June, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE