UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| CHRISTOPHER WILLIAMS | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant Christopher Williams's opposed[1] motion to correct or modify the record pursuant to Federal Rule of Appellate Procedure 10(e).[2] The Court denies defendant's motion.

On April 20, 2015, Christopher Williams pleaded guilty to conspiring to commit sex trafficking in violation of 18 U.S.C. § 1594(c).[3] The government agreed to move to dismiss the other charges against him at the time of sentencing and to not bring any additional charges related to the conduct of which it was aware.[4] Williams waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[5] On June 8, 2016, the Court accepted the plea agreement and

---

[1] R. Doc. 684.
[2] R. Doc. 678.
[3] R. Docs. 186 & 189.
[4] R. Doc. 189 at 1.
[5] *Id.* at 2–3.

sentenced Williams to 180 months of imprisonment followed by ten years of supervised release.[6] Neither the plea agreement,[7] the judgment,[8] nor any statement made by the Court or counsel during the defendant's sentencing[9] indicated that the sentence would run consecutively or concurrently to another sentence.

On July 19, 2016, Williams pled guilty in the Criminal District Court for the Parish of Orleans to multiple state offenses.[10] He was sentenced to a total of ten years imprisonment, with the sentences to run "concurrent and coterminous with any other sentence . . . including the sentence the defendant received in federal court."[11]

Williams contends that these sentences should run concurrently based on alleged representations by his attorney.[12] But this is not the proper venue to address his arguments. The Court has before it Williams's motion to modify the record pursuant to Federal Rule of Appellate Procedure 10(e)(2). This rule states, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement

---

[6]   R. Doc. 412.
[7]   R. Doc. 189.
[8]   R. Doc. 412.
[9]   R. Doc. 644.
[10]  R. Doc. 684 at 4, 8, 12, & 16.
[11]  *Id.*
[12]  R. Doc. 678 at 2.

may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals." Fed. R. App. P. 10(e)(2).  Rule 10, like all the Federal Rules of Appellate Procedure, "govern[s] procedure in the United States courts of appeals." Fed. R. App. P. 1(a)(1).

There is no appeal pending in this case, and defendant is well beyond the fourteen-day period after the entry of the judgment during which he was required to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i).  Williams has also filed a Section 2241 habeas corpus petition in the Western District of Pennsylvania, but that case is pending before the court and has no pending appeal.  *See Williams v. Washington*, No: 24-cv-165 (W.D.P.A.).  Because there is no appellate record to correct, Rule 10(e)(2) is inapplicable.

Further, defendant's request is outside of Rule 10(e)'s scope.  Williams asks the Court to run his federal sentence concurrently with his state sentence as the state court did with his federal sentence.[13]  Rule 10 does not exist to make substantive changes to the record.  Under Rule 10(e), the district court must place "[w]hat in fact went on below" on the record.  *United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981).  "New proceedings of a

---

13      R. Doc. 678 at 2.

3

substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule." *Id.*; *see also Ghali v. United States*, 455 F. App'x 472, 476 (5th Cir. 2011) (declining to supplement the record under Rule 10(e) with evidence that defendant argued the district court should have considered, as opposed to evidence it did consider). Defendant does not assert that the judgment and sentencing transcript fail to reflect what actually happened in the district court, or that there are omissions or misstatements in the record. Instead, he seeks to substantively alter the record. Because that is impermissible under Rule 10(e), the Court denies defendant's motion.

New Orleans, Louisiana, this __5th__ day of June, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE